

FILED

JUL 1 5 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA



UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>ABEL CHAVEZ and<br>TANNIA CHAVEZ,<br><br>    Debtor(s).<br>_____<br>ABEL CHAVEZ, et al.,<br><br>    Plaintiff(s),<br><br>vs.<br><br>MORTGAGE ELECTRONIC SYSTEM,<br>INC., et al.,<br><br>    Defendant(s).<br>_____ | Case No. 09-33825-B-13<br><br>Adversary No. 10-2197-B<br><br>DCN BH-4<br><br>Date:  November 18, 2010<br>Time:  11:30 a.m.<br>Place: U.S. Courthouse<br>       Courtroom 32<br>       501 I Street<br>       Sacramento, CA 95814 |

**MEMORANDUM DECISION**

This matter previously came on for final hearing on November 18, 2010, at 11:30 a.m. Appearances are noted on the record. At the conclusion of the hearing the court took the matter under submission. The following constitutes the court's findings of fact and conclusions of law, pursuant to Federal Rule of Bankruptcy Procedure 7052.

**DECISION**

The motion is granted in part. Moving defendant Fidelity National Information Services, Inc. ("Fidelity") is dismissed from all causes of action in this adversary proceeding without leave given to the plaintiff debtors (the "Debtors") to amend. If the Debtors wish to amend the complaint to include claims for



relief against Fidelity, the Debtors shall file a motion requesting permission to amend their complaint to state a claim against Fidelity. The Debtors shall file and serve said motion on or before August 5, 2011, and shall set said motion on the first available calendar which provides proper notice to parties in interest. If filed, the motion to amend shall set forth the specific factual allegations which the plaintiffs would include in the second amended complaint as to those parties which the Debtors seek to include as named defendants. If filed, the motion to amend will also toll any existing deadline for the filing of an amended complaint in effect at the time that the motion is filed, pending the resolution of the hearing on the motion to amend.

**FACTUAL BACKGROUND**

By this motion Fidelity moves for dismissal of this advesary proceeding under Fed. R. Civ. P. 12(b)(6), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012.

The first amended complaint filed in this adversary proceeding on June 30, 2010 (Dkt. 18)(the "FAC) alleges five causes of action for 1.) Declaratory Relief, 2.) Violation of 11 U.S.C. § 362(a), 3.) Violation of 11 U.S.C. § 362(k)(1), 4.) Violation of the Real Estate Settlement Procedures Act ("RESPA"), and 5.) Civil Conspiracy.

Fidelity is one of several named defendants. As to Fidelity, the FAC alleges that Fidelity is a Delaware

corporation, and that "Fidelity representatives provide defendants with default software and/or usage of NewTrak, and is in privity with the actual holder of this bankruptcy claim." (FAC, ¶ 20). The FAC contains no other specific allegations regarding Fidelity or any conduct by Fidelity.

In their written opposition to the motion the Debtors have made additional factual allegations regarding Fidelity. The Debtors allege that Fidelity, which is now allegedly known as Lender Processing Services ("LPS"), develops a software program called NewTrak. NewTrak provides an electronic communications platform that is used by institutional lenders to refer bankruptcy matters to attorneys that have signed agreements with LPS and are registered in an LPS database. NewTrak allegedly provides information to the attorney to which a bankruptcy matter is referred that is used, among other things, for the purpose of drafting and filing proofs of claim and motions to be filed in a bankruptcy case, such as motions for relief from the automatic stay. According to the Debtors, LPS enters into agreements with lenders to provide the communications and referral services described above. The Debtors assert in their written opposition that both IndyMac Federal Bank, FSB ("IndyMac Federal") and OneWest Bank FSB ("OneWest Bank"), lenders who have both actively participated in the Debtors' parent bankruptcy case, have such agreement with LPS, and that named defendant McCarthy & Holthus, LLP is a registered law firm in NewTrak's database. The Debtors assert that the NewTrak system incorrectly calculated pre-

petition escrow advances verus post-petition escrow advances and incorrectly calculated the amount of the Debtors' monthly mortgage payment in this case, which resulted in the various violations alleged in the FAC, including violations of the Real Estate Settlement Procedures Act ("RESPA") and the automatic stay of 11 U.S.C. § 362(a). The Debtors base their allegations relating to the foregoing on their reading of the decision of the Bankruptcy Court for the Eastern District of Pennsylvania in <u>In re Taylor</u>, 407 B.R. 618 (Bankr., E.D. Pa. 2009).

**ANALYSIS**

<u>The Law Applicable to A Motion For Judgment on the Pleadings</u>

The following sets forth the legal standard for dismissal of a complaint where the complaint fails to state a claim on which relief may be granted:

> The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable here under Fed. R. Bankr. P. 7012, is to test the legal sufficiency of a plaintiff's claims for relief. In determining whether a plaintiff has advanced potentially viable claims, the complaint is to be construed in a light most favorable to the plaintiff and its allegations taken as true. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); <u>Church of Scientology of Cal. v. Flynn</u>,

-4-

744 F.2d 694, 696 (9th Cir.1984). . . .

Quad-Cities Constr., Inc. v. Advanta Bus. Servs. Corp. (In re Quad-Cities Constr., Inc.), 254 B.R. 459, 465 (Bankr. D. Idaho 2000).

In addition, under the Supreme Court's most recent formulation of Rule 12(b)(6), a plaintiff cannot "plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." Ashcroft v. Iqbal,129 S .Ct 1937, 1954 (2009). Instead, a complaint must set forth enough factual matter to establish plausible grounds for the relief sought. See Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-66 (2007). ("[A] plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Factual allegations must be enough to raise a right to relief above the speculative level. Id., citing to 5 C. Wright & A. Miller, Fed. Practice and Procedure § 1216, at 235-36 (3d ed. 2004) ("[T]he pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

In addition, the court notes the following:

> A dismissal under Rule 12(b)(6) may be based on the
> lack of a cognizable legal theory or on the absence of

sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). . . . the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Courts will not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); accord W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Furthermore, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526; 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983). . .

Toscano v. Ameriquest Mortg. Co., 2007 U.S. Dist. LEXIS 81884 (E.D. Cal. 2007).

If a Fed. R. Civ. P. 12(b)(6) motion to dismiss is granted, "[the] court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the

-6-

pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). In other words, the court is not required to grant leave to amend when an amendment would be futile. See Toscano, 2007 U.S. Dist. LEXIS 81884 (citing Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002)). Similarly, a court may also grant leave to amend in response to a Rule 12(c) motion "if the pleadings can be cured by further factual enhancement." Technology Licensing Corp., 2010 WL 4070208 at *3.

### All Claims For Relief Dismissed as to Fidelity

In this case, all claims for relief set forth in the FAC are dismissed as to Fidelity, as the FAC alleges no specific conduct by Fidelity. The FAC merely contains an allegation that Fidelity provided "defendants with default software and/or usage of NewTrak, and is in privity with the actual holder of this bankruptcy claim." FAC, ¶ 20. Merely alleging that Fidelity provided one or more of the other named defendants with a software product and that Fidelity is "in privity with the actual holder of this bankruptcy claim" is insufficient to state a claim against Fidelity. The Debtors have not cited any authority under which the provider of a product that performs a legitimate and legal function in a non-bankruptcy context can be held liable for claims that include violation of the automatic stay, violation of RESPA and conspiracy where the purchaser misuses the product or

uses it in a bankruptcy context.

Furthermore, to the extent that the FAC makes any allegations of conduct by Fidelity, it is in the numerous allegations of conduct by "Defendants," "defendants," or "defendant." This ambiguous identification is insufficient to state a claim upon which relief may be granted against Fidelity. Accordingly, Fidelity is dismissed from all claims for relief in this adversary proceeding.

Fidelity is dismissed from this adversary proceeding without leave to amend granted to the Debtors because the court does not find that further enhancement of the Debtors' factual allegations would result in a plausible claim for relief against Fidelity. The court acknowledges that in response to this motion the Debtors filed written opposition which contains numerous factual allegations intended, presumably, to demonstrate what the Debtors would allege in a second amended complaint if they were permitted to amend to state one or more claims for relief against Fidelity. Those allegations are apparently based on the Debtors' reading of In re Taylor, 407 B.R. 618 (Bankr., E.D. Pa. 2009). However, the Debtors' reliance on Taylor as evidence that the allegations in their opposition are plausible is misplaced, because they misread Taylor.

Taylor involved a bankruptcy court's sua sponte investigation of Lender Processing Services, Inc. ("LPS"), an entity that, according to the court in Taylor, was spun-off from Fidelity on July 2, 2008 and utilized the NewTrak software for

-8-

the purpose of providing "foreclosure, bankruptcy and other mortgage loan-related default services to the mortgage industry." The <u>Taylor</u> court sought information from LPS regarding the manner in which lenders, LPS and attorneys appearing in bankruptcy cases used the NewTrak system for the purpose of determining whether sanctions should be imposed on HSBC Mortgage Corporation ("HSBC"), two law firms which were retained by HSBC through use of the NewTrak system operated by LPS, and LPS itself. The Debtors' reliance on <u>Taylor</u> as providing the basis for factual allegations against Fidelity is misplaced because the entire inquiry of the court in <u>Taylor</u> was into the practices of LPS, which, in addition to using NewTrak, provided outsourced mortgage processing and default management services to mortgage lenders. The <u>Taylor</u> court did not make any findings with respect to the activities of Fidelity. The <u>Taylor</u> court pointed out that LPS was "spun-off" from Fidelity on July 2, 2008 through a tax-free distribution of all of its shares to Fidelity shareholders, nearly two years before the Debtors filed their parent bankruptcy case on April 5, 2010. <u>Taylor</u>, 407 B.R. at 622, n.1. The court acknowledges that the <u>Taylor</u> decision confusingly adopted alternative defined terms "LPS" and "Fidelity" for LPS, and also referred to LPS as "LPS/Fidelity," but this does not change the fact that the focus of the <u>Taylor</u> court's inquiry was on the activities of Lender Processing Services, Inc., not Fidelity National Information Services, Inc., the entity that the Debtors have named as a defendant in the FAC.

As the Debtors factual allegations presented in their opposition appear to be based entirely on Taylor, the Debtors have therefore alleged no facts that support a plausible claim for relief against Fidelity. As stated above, merely alleging that Fidelity provided software to one or more of the other named defendants is insufficient. As a result, Fidelity is dismissed from this adversary proceeding without leave to amend. If the Debtors make a motion to amend the complaint to name Fidelity as a defendant, the Debtors' motion must be based on more than a citation to and recitation of facts from Taylor.

The court will issue a separate order consistent with the foregoing decision.

Dated: JUL 1 4 2011

_____
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF SERVICE

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was served by mail to the following entities listed at the address(es) shown below.

Office of the US Trustee
501 I St, Ste 7-500
Sacramento, CA 95814

Christopher Giaimo
1050 Connecticut Ave NW #1100
Washington, DC 20036

Joseph Chairez
600 Anton Blvd #900
Costa Mesa, CA 92626

Joshua del Castillo
515 S Figueroa St 9th Fl
Los Angeles, CA 90071

Peter Macaluso
7311 Greenhaven Dr #100
Sacramento, CA 95831

Terry Loftus
1770 4th Ave
San Diego, CA 92101

DATED: 7/15/11          By: _____
                              Deputy Clerk